**FRANCISCO M. LUJAN, Defendant-Appellant**

v.

**THE PEOPLE OF THE TERRITORY OF GUAM,**
**Plaintiff-Appellee**

Criminal No. 76-6A

District Court of Guam

Appellate Division

July 12, 1977

Before DUENAS and WONG, *District Judges*, and HEF-NER, *Designated Judge*

PER CURIAM

Defendant was tried and convicted of first degree robbery. The single issue on appeal is whether or not the trial court substantially complied with the provisions of the jury selection and service law.

On the morning of trial the jury panel was to be assigned to three different judges. The presiding judge in a murder trial unrelated to defendant's case instructed the jury clerk not to send him any jurors who had served in *People v. Sablan* (No. 184F-75), a case involving the same homicide over which he was presiding (but with regard to another defendant). Since the jurors previously called in the *Sablan* case were excluded from the murder trial a greater percentage perhaps were called for defendant's trial and defendant contends that his legal right to a random selection of jurors was violated.

Clearly, the burden rests on defendant to show that there was a substantial failure to comply with the provisions of the Guam Code of Civil Procedure § 680 et seq. which properly deals with the selection of jury panels. Defendant has not alleged that the selection of the master list was improper and generally the focus of the law is on the list from which the jury is drawn and not on the composition of a particular jury. *Rabinowitz v. United States*, 366 F.2d 34, 59 (6th Cir. 1966).

In *Cain v. United States*, 19 F.2d 472 (8th Cir. 1927), the court at page 475 described an argument similar to that of defendant here as being "too frivolous for extensive notice." According to the court, a defendant is not entitled to have a jury trial selected from the entire panel of veniremen:

(5) The contention that defendant was entitled to have a trial jury selected from the entire panel embraced in the venire for the term is, of course, too frivolous for extensive notice. All he was entitled to was a jury of 12 unbiased and unprejudiced jurors out of

any part of the regular panel, if there were enough of such panel not engaged in other cases on trial to provide so many; if not, then a jury composed of talesmen, together with such remainder of the regular panel as a nucleus, as were not otherwise engaged and serving. The former he got, and he can ask no more.

*United States v. Davis*, 456 F.2d 1192 (10th Cir. 1972), deals with a similar fact issue where jurors were argued to be "left-overs" from another trial. It seems that those excused from jury duty at another trial were immediately directed to report to the courtroom where the defendant-appellant was being tried. On these facts an even stronger argument could be made that defendant's right to a random selection had been violated. However, on page 1196 of its decision, the Court of Appeals refused to find error:

Davis alleges improper jury selection procedures. He complains that the jury venire members were "left-overs" from another trial. There was another case being tried to a jury at the same time as the Davis trial. Those excused from jury duty at the other trial were directed to report to the courtroom where Davis' trial was to be heard. Davis contends that this procedure is not in accord with 28 U.S.C. § 1864. He cites no authorities in support of his contention and he does not demonstrate any prejudice. Davis was provided a lawful panel from which the jury was selected. *Frazier v. United States*, 335 U.S. 497, 69 S.Ct. 201, 93 L.Ed. 187 (1948).

Defendant has offered only one case dealing with the proper procedure that a clerk should use in drawing and assigning jurors. *Krause v. Chartier*, 406 F.2d 898 (1st Cir. 1968). In that case jurors were chosen alphabetically as defendant suggests, quoting from the decision at page 1 of his Amended Reply Brief. However, defendant's lawyer has chosen to omit the last half of this paragraph, the portion holding that such a practice does not constitute reversible error:

. . .

Nonetheless, plaintiff has not been able to show, or suggest, any prejudice, and we are not persuaded of any. We see no imminent

danger of ultimate unrepresentative selection such as appeared in *New England Enterprises, Inc. v. United States,* 1 Cir., 1968, 400 F.2d 58. In the absence of the likelihood of some general prejudice, we find inapplicable to rule of *Ballard v. United States,* 1946 329 U.S. 187, 195, 67 S.Ct. 261, 265, 91 L.Ed. 181 (where class of citizens systematically excluded from jury panels, "reversible error does not depend on a showing of prejudice in an individual case"). [At page 901.]

Similarly, in *United States v. Valentine,* 288 F.Supp. 957 (D. Puerto Rico 1968), the court held that where minor inconsistencies are shown, prejudice must generally result to gain a reversal. (At page 978.)

█ Defendant has failed in his burden to show substantial non-compliance with the provisions of Guam's jury selection and service law. The jurors who were earlier called in the *Sablan* murder case were randomly chosen and their exclusion from the related murder case being tried concurrently with defendant's case could at best have only a minimum effect on the randomness quotient. Even the one case directly on point cited by defendant requires a showing of prejudice where there is a minor inconsistency in the assigning of jurors. Defendant has made no such showing. The Trial Court substantially complied with the provisions of the jury selection law and protected defendant's right to 12 randomly chosen, impartial jurors. Affirmed.